**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| MONTANA TRUCKS, LLC, | No. 14-35004 |
| Plaintiff-Appellant, | D.C. No. 9:12-cv-00023-DWM |
| v. | |
| UD TRUCKS NORTH AMERICA, INC., FKA Nissan Diesel America, Inc.; UD TRUCKS, CORP., FKA Nissan Diesel Motor Co., Ltd, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Montana
Donald W. Molloy, District Judge, Presiding

Argued and Submitted July 7, 2016
Seattle, Washington

Before: KLEINFELD, McKEOWN, and M. SMITH, Circuit Judges.

Montana Trucks, LLC, (Montana Trucks) appeals from the district court's

grant of summary judgment in favor of UD Trucks North America, Inc. (UD

Trucks NA), and UD Trucks, Corp. (UD Trucks).

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

1.      We reach the same conclusion as the district court regarding the limitation of remedies provision.  It bars Montana Trucks's claim for consequential damages for breach of contract.  Montana Trucks argues that this provision should not be enforced because it is unconscionable.  Both parties agree that Texas law applies to Montana Trucks's contract claims under the choice-of-law provision.  Under Texas law, Montana Trucks must show that the contract provision is both procedurally and substantially unconscionable.  See Ski River Dev., Inc. v. McCalla, 167 S.W.3d 121, 136 (Tex. App. 2005).  Montana Trucks showed neither.  That Montana Trucks was offered the contract on a take it or leave it basis does not, by itself, establish that the bargaining procedure was unfair.  In re AdvancePCS Health L.P., 172 S.W.3d 603, 608 (Tex. 2005) (holding that "[a]dhesion contracts are not automatically unconscionable").  This was a commercial agreement between sophisticated parties.  Because the provision limited consequential damages for both UD Trucks NA and Montana Trucks, the provision did not "render the . . . agreement so one-sided as to be substantively unconscionable."  In re Palm Harbor Homes, Inc., 195 S.W.3d 672, 678 (Tex. 2006).

The clause bars recovery by either party of "consequential damages, incidental damages, or other indirect or special damages or loss."  But it does not

bar recovery for general damages. See Tex. Bus. & Com. Code Ann. § 2.714(a) (permitting the recovery of "the loss resulting in the ordinary course of events from the seller's breach").

Accordingly, in dismissing the contract claim of Montana Trucks in its entirety, the district court interpreted the contractual provision too broadly. We affirm dismissal to the extent that plaintiff seeks "consequential damages, incidental damages, or other indirect or special damages or loss." We reverse insofar as the plaintiff seeks damages for "the loss resulting in the ordinary course of events from the seller's breach." Id.

2. "To determine the applicable substantive law, a federal court sitting in diversity applies the choice-of-law rules of the forum." Narayan v. EGL, Inc., 616 F.3d 895, 898 (9th Cir. 2010) (citation omitted). While the district court was right at the time to conclude that Montana law applied to Montana Trucks's tort claims, the Montana Supreme Court's subsequent decision in Masters Group International, Inc. v. Comerica Bank requires reversal. 352 P.3d 1101, 1115–16 (Mont. 2015). The court in Masters Group held a choice-of-law provision similar to the provision at issue in this case encompassed both tort and contract claims. And as in Masters

Group, this was a transaction between sophisticated parties. Under Masters Group, the choice-of-law provision applies to Montana Trucks's tort claims arising out of performance of the contract as well as contract claims, and the choice-of-law provision stipulates Texas law.

The district court concluded under Montana law that February 1, 2010, was the last date Montana Trucks's fraud claim could have accrued. Montana Trucks filed suit on February 15, 2012. Since Texas's statue of limitations for fraud is four years, Montana Trucks's claim of fraud was still timely. Tex. Civ. Prac. & Rem. Code Ann. § 16.004(a)(4). We reverse and remand to the district court on Montana Trucks's claim of fraud against UD Trucks NA for reconsideration in light of Masters Group. We also reverse and remand on Montana Trucks's claim for fraud against UD Trucks, without prejudice to its post-Masters Group argument that since it was not a party to the contract, Montana Trucks's claims against it are barred by the Montana statute of limitations.

3.     Because Montana Trucks's claims for fraud may be timely, Montana Trucks's request for punitive damages is potentially viable. We reverse and remand to the district court, without prejudice.

4

4.     We reverse and remand to the district court to reconsider, in light of <u>Masters Group</u>, whether Montana Trucks's claims of constructive fraud and negligent misrepresentation are barred by the applicable Texas statute of limitations.

**AFFIRMED IN PART, REVERSED AND REMANDED IN PART.**